IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDY RAMIREZ,

    Petitioner,

vs.

RANDY GROUNDS, Acting Warden,

    Respondent.

No. C 12-00872 YGR (PR)

**ORDER GRANTING PETITIONER AN EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS; DENYING IN PART AND GRANTING IN PART HIS OTHER PENDING REQUESTS; DIRECTING RESPONDENT TO SERVE ANOTHER COPY OF HIS MOTION TO DISMISS ON PETITIONER; AND INSTRUCTIONS TO CLERK**

Petitioner, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 14, 2012, Respondent filed a motion to dismiss on the grounds that the petition seeks relief that the Court does not have authority to provide. (Docket No. 8.) On July 5, 2012, Petitioner submitted two motions. The first motion is entitled, "Motion for Extension of Time, Motion for Court Order for Reasonable Access to Prison Law Library, Motion for Judicial Notice." (Docket No. 11.) The second motion requests that the Court provide Petitioner with another copy of its Order to Show Cause[1] dated March 14, 2012, and that Respondent serve an additional copy of his motion to dismiss on Petitioner. (Docket No. 10.)

The Court first addresses Petitioner's motion for additional access to the Prison Law Library. Petitioner appears to request that the Court issue an order stating that the SVSP librarian must give him "Priority Legal Usage" ("PLU") status. He states that he was previously approved for PLU status but that such status has been denied multiple times after his placement in the Administrative Segregation Unit and after his initiation of a civil rights action under 42 U.S.C. § 1983 ("§ 1983") against prison staff. The Court does not have sufficient information to determine the accuracy of the prison librarian's decisions to deny Petitioner PLU status, nor the effect that decision has on his ability to access the courts. In addition, the United States Supreme Court has cautioned lower courts to avoid entanglement in the day-to-day matters of prison administration. *See Turner v. Safley*, 482

---

[1] Petitioner requests that the Court provide him another copy of its "Order of Service" dated March 14, 2012. Because the Court issued an Order to Show Cause on this date, and not an "Order of Service," the Court construes this as a request to provide an additional copy of its Order to Show Cause.

U.S. 78, 84-85 (1987) (federal courts should exercise restraint before interfering in the complex realm of prison administration); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). Under some circumstances, the prevention of accessing the prison law library might rise to the level of violating an inmate's constitutional right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343 (1996), but such a claim would not accrue until the inmate suffered an actual injury, and relief would have to be sought in a new civil rights action. For these reasons, the Court DENIES Petitioner's motion for additional access to the Prison Law Library.

Although the Court cannot interfere in the prison's decision-making process regarding Petitioner's PLU status, it finds that the difficulties Petitioner alleges in regularly accessing the library constitute good cause to grant him an extension of time in which to file his opposition to Respondent's motion to dismiss. Accordingly, Petitioner's request for an extension of time to do so is GRANTED. The time in which Petitioner must file his opposition is hereby extended to **August 29, 2012**. Respondents shall file their reply no later than **fourteen (14) days** after the opposition is filed.

Next, the Court addresses Petitioner's motion for judicial notice. Petitioner requests that the Court take judicial notice of the "retaliation action(s) and tactic(s) being taken by staff and officials" as a result of his filing a separate civil rights complaint under §1983. (Pet'r Mot. for EOT & Jud. Notice at 6.) The Court does not have sufficient information to grant this request. Moreover, if Petitioner is asserting a constitutional violation stemming from his conditions of confinement, then the proper vehicle for such a claim is through the filing of a civil rights complaint under § 1983. If Petitioner chooses to file a civil rights complaint, he must use the attached civil rights complaint form. He is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under § 1983, i.e., no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on

2

1  individual defendant under § 1983 only if plaintiff can show that defendant proximately caused
2  deprivation of federally protected right).  The Court further notes that the filing fee for a civil rights
3  action is $350.00.  Before any action may proceed as a civil rights action, Petitioner must pay the
4  $350.00 filing fee, or file another application for leave to proceed *in forma pauperis* ("IFP") with
5  supporting documents when he initiates a new civil rights action.  Accordingly, his request for
6  judicial notice is DENIED.

7  As to Petitioner's requests that the Court provide him with an additional copy of its Order to
8  Show Cause dated March 14, 2012, and that Respondent be directed to serve him with an additional
9  copy of its Motion to Dismiss, these requests are GRANTED.  The Clerk of the Court is hereby
10 directed to provide Petitioner with an additional copy of its Order to Show Cause dated March 14,
11 2012.  (Docket No. 6.)  Respondent is hereby directed to serve an additional copy of his motion to
12 dismiss on Petitioner.  Respondent must serve this additional copy by no later than **seven (7) days**
13 from the date of this Order.

14 Finally, Petitioner has also submitted correspondence to the Court requesting that he be
15 provided with an additional copy of this Order.  (Docket No. 9.)  This request is GRANTED.  The
16 Clerk is hereby directed to provide Petitioner with two copies of this Order.

17 Randy Grounds, the current acting warden of the prison where Petitioner is incarcerated, has
18 been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

19 The Clerk shall send Petitioner a blank civil rights complaint form and a blank IFP
20 application along with his two copies of this Order and his copy of the March 14, 2012 Order to
21 Show Cause.

22 This Order terminates Docket Nos. 10 and 11.

23 IT IS SO ORDERED.

24 DATED:  August 21, 2012

25 **YVONNE GONZALEZ ROGERS**
   **UNITED STATES DISTRICT COURT JUDGE**